JUDGE PATTERSON

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

08 CV 4249



RECEIVED
08 MAY 0 5 2008
08 Civ. ____
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
THE RETIREMENT PLAN OF THE UNITE  :
HERE NATIONAL RETIREMENT FUND, and :
the Trustees of the UNITE HERE National :
Retirement Fund, :
 :
 :
                                    Plaintiffs, :
                v. :
 :
VILLAGE RESORTS, INC., d/b/a THE PURPLE :
HOTEL, and JOHN DOES 1-10 (all other trades :
or businesses under common control with Village :
Resorts, Inc.), :
 :
                                    Defendants. :
-------------------------------------------------------------- x

COMPLAINT

Plaintiffs, by their attorneys, Schulte Roth & Zabel LLP, as and for their complaint against defendants Village Resorts, Inc., d/b/a The Purple Hotel ("Village Resorts") and John Does 1-10 (all other trade or businesses under common control with Village Resorts) (collectively with Village Resorts, the "Defendants") allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs, the Retirement Plan (the "Plan") of the UNITE HERE National Retirement Fund (the "Fund"), an employee pension plan, and the Board of Trustees of the Fund, the plan sponsor and fiduciaries of the Plan, bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a), to enforce the provisions of an employee pension plan and to collect withdrawal liability, liquidated damages, interest, attorney's fees, and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and (f) and 4301(c) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f) and 1451(c).

3. Venue is proper in this Court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered in part in the Southern District of New York at 730 Broadway, New York, New York 10003.

## PARTIES

4. The Fund is a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with UNITE HERE (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

5. The Board of Trustees of the Fund is the plan sponsor of the Plan, an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. The Plan is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

7. Plaintiffs, the Trustees of the Fund, are fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

8. Village Resorts is an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

9. Upon information and belief, Village Resorts is a hotel located in Lincolnwood, Illinois.

10. Upon information and belief, Village Resorts was formerly known as Village Resorts, Inc. d/b/a Ramada Plaza Hotel Chicago North Shore and Village Resorts, Inc., d/b/a Radisson Hotel Lincolnwood Chicago Northshore.

11. Village Resorts participated in and had an obligation to contribute to the Hotel Employees and Restaurant Employees International Union Pension Fund (the "HEREIU Pension Fund") pursuant to the terms of various collective bargaining agreements effective through December 31, 2005 (collectively, the "CBA").

12. Effective as of September 30, 2007, the HEREIU Pension Fund merged into and became part of the Fund.

13. Under Section I(L) of the Minimum Standards, contributing employers to the HEREIU Pension Fund are required to send to the HEREIU Pension Fund Office, in writing,

> a renewal agreement [CBA], extension agreement [extending the terms of previous CBA with the Funds' required rate increases], or interim agreement [agreement to pay Funds' required rate increases while negotiations for renewal agreement are ongoing] within twelve (12) months of the expiration of the previous Collective Bargaining Agreement. The Trustees shall terminate an Employer from participation in the Fund if an agreement is not received within twelve (12) months of the expiration of the previous Collective Bargaining Agreement, unless the bargaining parties submit to the Trustees a written extension request to the twelve (12) month period, and the Trustees approve this request. (the "One-Year Resolution Policy").

14. Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Village Resorts) are "trades or businesses under common control" with Village Resorts pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended and the regulations promulgated thereunder (together with Village Resorts, the "Control Group").

15. On or about December 31, 2005, the CBA expired.

16. As of December 31, 2006, there were neither on-going negotiations nor did the HEREIU Pension Fund Office receive an acceptable collective bargaining agreement between Village Resorts and the Union.

17. As of December 31, 2006, the HEREIU Pension Fund did not receive a written request for an extension pursuant to the One-Year Resolution Policy.

18. As a result of the termination of Village Resort's participation, Village Resorts incurred a complete withdrawal from the HEREIU Pension Fund on December 31, 2006. The permanent cessation of the obligation to contribute constituted a complete withdrawal from the HEREIU Pension Fund as defined by Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

19. By completely withdrawing from the HEREIU Pension Fund, Village Resorts incurred withdrawal liability to the HEREIU Pension Fund pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

20. By letter dated February 23, 2007, the HEREIU Pension Fund notified Village Resorts that it owed the HEREIU Pension Fund withdrawal liability in the estimated amount of $531,206.59, to be paid in sixty-one (61) monthly installments of $10,415.14 each, commencing on April 24, 2007 plus a final payment of $8,644.57. The HEREIU Pension Fund reserved the right to revise the total withdrawal liability amount and/or payment schedule.

21. By letter dated May 2, 2007, the HEREIU Pension Fund notified counsel for Village Resorts that Village Resorts had failed to make the first monthly payment due on April 24, 2007. The HEREIU Pension Fund advised that if the delinquency was not cured within ten (10) days from the date of the letter, the HEREIU Pension Fund would bring a lawsuit in federal court against Village Resorts for any delinquent payments plus interest.

22. By letter dated May 15, 2007, the HEREIU Pension Fund again notified counsel for Village Resorts that Village Resorts had failed to make the first monthly installment due on April 24, 2007. The HEREIU Pension Fund advised that Village Resort's failure to pay would constitute a default permitting acceleration of Village Resort's withdrawal liability if the first installment plus interest was not paid within sixty (60) days from the date Village Resorts received this letter.

23. The HEREIU Pension Fund did not receive Village Resort's first monthly installment within sixty (60) days of Village Resort's receipt of the HEREIU Pension Fund's May 15, 2007 letter.

24. By letter dated September 12, 2007, the HEREIU Pension Fund notified counsel for Village Resorts that it had revised Village Resort's withdrawal liability assessment and that the revised total was $531,782.61, to be paid in sixty-one (61) monthly installments of $10,415.14 each, plus a final payment of $9,519.44.

25. Pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), and Section 5(d) of the Withdrawal Liability Rules, the HEREIU Pension Fund is authorized to accelerate and demand full and immediate payment of a contributing employer's total outstanding withdrawal liability if the employer failed to make, when due, any withdrawal

liability payment if the failure was not cured within sixty (60) days after the employer received written notification of such failure.

## FIRST CAUSE OF ACTION

26. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 26 as if fully set forth herein.

27. Plaintiffs are entitled to full payment of Village Resort's outstanding withdrawal liability in the amount of $531,782.61, representing the full amount of Village Resort's unpaid withdrawal liability pursuant to the HEREIU Pension Fund's Plan Rules with Respect to Employer Withdrawal Liability (the "Withdrawal Liability Rules") and ERISA.

28. Plaintiffs are entitled to collect interest on the outstanding withdrawal liability calculated pursuant to Sections 5(c) and (d) of the Withdrawal Liability Rules and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

29. Plaintiffs are entitled to collect liquidated damages calculated pursuant to Section 5(e) of the Withdrawal Liability Rules and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

30. Plaintiffs are entitled to collect attorney's fees and costs associated with this action pursuant to Section 5(e) of the Withdrawal Liability Rules and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

31. To date, the Fund has not received any installment payments or interest thereon from Village Resorts.

32. Village Resorts is therefore in default on its withdrawal liability. ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following judgment in favor of Plaintiffs and against the Defendants:

33. That Defendants be held jointly and severally liable for Village Resorts outstanding withdrawal liability in the amount of $531,782.61;

34. That Defendants be held jointly and severally liable for the full amount of the prejudgment interest attributable to the withdrawal liability;

35. That Defendants be held jointly and severally liable for liquidated damages calculated pursuant to Section 5(e) of the Withdrawal Liability Rules and Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

36. That Defendants be held jointly and severally liable for the HEREIU Pension Fund's and the Fund's costs and expenses incurred in connection with this withdrawal liability action, including its reasonable attorney's fees, pursuant to Section 5(e) of the Withdrawal Liability Rules and Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e); and

37. That Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
May 5, 2008

SCHULTE ROTH & ZABEL LLP

By: _____
Ronald E. Richman
Max Garfield

919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

*Attorneys for Plaintiffs*