Raymond Ragues
RAGUES & MIN, LLP.
*Attorneys for Village Resorts, Inc.,*
11 Broadway Suite 819
New York, NY  10004
212-766-1100


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND,
And The Trustees Of The Unite Here
National Retirement Fund                                                     Index #: 08CV4249

                                                        Plaintiffs,                **MOTION TO DISMISS**

                    -against-

VILLAGE RESORTS, INC., d/b/a
THE PURPLE HOTEL., and
JOHN DOES 1-10 (all other trades or businesses
under common control with Village Resorts, Inc)

                                                        Defendants.
----------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, upon the accompanying Affidavit of Donald Bae and upon all supporting papers, Defendant will move this Court before the Honorable Robert P. Patterson Jr. at the United States Courthouse for the Southern District of New York, 500 Pearl Street, New York, NY  10007, at such time as the Court may direct, for an order pursuant to Fed. R. Civ. P. 12(B) seeking to dismiss this action on the grounds of (1) lack of jurisdiction and (2) improper venue or, alternatively, to dismiss this action pursuant to 28 U.S.C. §1404(a) on the grounds of forum non conveniens and for such other relief as this Court deems just and proper.

Dated: July 22, 2008
      New York, NY

                                                                                     /s/
                                                    Raymond Ragues (RR8918)
                                                    RAGUES AND MIN, LLP
                                                    *Attorneys forDefendants*
                                                    Village Resorts, Inc.,
                                                    11 Broadway Suite 819
                                                    New York, NY  10004
                                                    212-766-1100

To:   SHULTE ROTH AND ZABEL, LLP
       Attorneys for Plaintiffs
       919 Third Avenue
       New York, NY  10022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND,
And The Trustees Of The Unite Here
National Retirement Fund

          Plaintiffs,

    -against-

VILLAGE RESORTS, INC., d/b/a
THE PURPLE HOTEL., and
JOHN DOES 1-10 (all other trades or businesses
under common control with Village Resorts, Inc)

          Defendants

--------------------------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

  Village Resorts, Inc. submits this Memorandum of Law in support of the instant motion under Fed. R. Civ. P. 12(b) seeking to dismiss this action on the grounds of (1) lack of jurisdiction and (2) improper venue or, alternatively, to dismiss this action pursuant to 28 U.S.C. §1404(a) on the grounds of forum non conveniens.

  This action must be dismissed since Village Resorts, Inc. is a corporation duly organized under the domestic laws of the state of Illinois. Village Resorts, Inc. does not and never has conducted business in New York State. Village Resorts, Inc. has never availed itself of any New York privileges sufficient to allow a New York court to properly exercise *in personam* jurisdiction consistent with the due process requirements under New York State law and the United States Constitution.

Assuming *arguendo* that Village Resorts, Inc. is in some remote and tangential way subject to *in personam* jurisdiction in New York State, this action must still be dismissed since the lawsuit was commenced in an improper venue. This breach of contract action arises from activities which occurred exclusively in the state of Illinois.

This action, improperly brought in the Southern District of New York must be dismissed.

**Factual Background**

The defendant Village Resorts, Inc., doing business as The Purple Hotel, was licensed by the state of Illinois to operate a hotel/motel business in the village of Lincolnwood, Illinois. It holds no other license to operate any other enterprise. Its license is limited to operating the business in the village of Lincolnwood, Illinois.

The now defunct business is even further restricted in scope by the fact that it is a small family owned enterprise. Mr. Donald Bae, a family member and the general manager almost continuously since 1991, has had no business contacts in New York State whatsoever. See Affidavit of Mr. Bae, Exhibit A. The defendants are not aware of any contacts which would subject them to the jurisdiction of New York State.

The defendants did enter into a contract with a union in Illinois. It is this contract that forms the basis of the dispute between the parties. This contract was executed by the defendant and the union in the State of Illinois. It is this Illinois contract that the plaintiffs are seeking to litigate in New York State.

Due to financial difficulties the defendants have closed their business and the plaintiffs are now asserting a withdrawal liability claim in this lawsuit.

**Lack of In Personam Jurisdiction**

29 U.S.C. 1132 (e) 1 subsection 2 provides:

"Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

The plaintiffs do not claim anywhere in the complaint that the breach took place in New York, or that the defendants reside or may be found in New York. Nor do the plaintiffs claim that the "plan" is administered in New York. These are by omission concededly lacking. However, carefully reading the "Jurisdiction and Venue" paragraphs numbered two and three of the complaint, the plaintiffs claim that because the "Fund is administered *in part* in the Southern District…" (Emphasis added), the jurisdictional and venue requirements of the statute are met. Such is not the case. Had the legislature wanted "partial" administration to form a basis for venue, it would have so stated in the statute. Instead, the statute explicitly states "where the plan is administered" it does not state where the "fund" is "partially" administered, as the plaintiffs would have this Court believe.

Thus, on the face of the complaint, the plaintiffs concede that the fund is "not" administered in the Southern District, only that "funds" are partially administered in the Southern District. This renders their complaint fatally defective and mandates the dismissal of this complaint in its entirety.

*Illinois is the Proper Venue for this Action*

Even if this Court were to overlook this statutory requirement, and apply a more relaxed standard that is generally required in ERISA litigation, it must still be dismissed. 28 USCS 1404 states "(a) For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. "

As stated above, the defendant, a small local defunct business in the village of Lincolnwood, Illinois should not be forced to defend itself in the Southern District of New York. The plaintiffs are obviously seeking some sort of tactical advantage by forcing the defendant to defend itself in a venue with which it has had no contact whatsoever and, in addition, sufficiently far enough that it would be difficult to even attend a pretrial conference, let alone depositions, motions, conferences, and a full trial. This Court should not countenance such a bold faced effort to obtain a tactical advantage in this litigation. Rather, this Court should dismiss this case and force the plaintiffs to choose a forum more convenient to the parties and witnesses, i.e. Illinois.

Nor should the plaintiffs be surprised by such a decision. The very contract at issue states in paragraph 22.2 that "All such contributions shall be paid monthly by the Employer to the Local 46 Pension Fund or to such local trust fund as may be hereafter be organized in the **City of Chicago** for participation by the Laundry, Dry Cleaning, Linen supply and Allied Industries, as designated in writing from time to time by the duly qualified President of the Union, …" (Emphasis added). From a simple reading of the contract, there is not doubt that the parties intended that the Contract at issue was a local and domestic matter, not one with the potential of subjecting the defendant to jurisdiction anywhere in the United States that the plaintiff *unilaterally* decides to "*partly*" administer its funds.

If this Court were to balance the interests of both sides in a fair and balanced measure, it will order that this case be dismissed or transferred forthwith to Illinois pursuant to 28 USCS §1404.

### a. Burden on the Defendant

The defendant is out of business and cannot afford to travel to New York City to defend itself in the Southern District of New York. On the side of the plaintiffs, is a large fund that does business at the very least in Illinois and New York State is, in this action, being represented by a large international law firm with offices on at least two continents. See www.srz.com. On the other side is a small defunct business that has never done business outside the village of Lincolnwood and is not authorized to do business anywhere else. Just these factors alone would warrant a dismissal of this action.

### b. Interests of the Forum

The forum with the greater interest is Illinois. If the trustees of the pension fund actually seek to protect the interests of its members, all Illinois workers, then Illinois has a greater interest than does New York State, a state where none of the workers reside and only where the fund is administered "in part". Any interest of New York State is at best academic and attenuated.

### c. Convenient and Effective Relief

All parties would be able to avail themselves of the federal courts in Chicago. This form would without doubt provide all parties a convenient and effective relief to litigate the responsibilities of the underlying contract at issue. The plaintiffs are unable to

claim that Illinois does not have a forum capable of resolving this dispute. They have the same federal judiciary at their disposal.

### d. Efficient Administration of Justice

This factor generally involves where the witnesses and evidence are likely to be located.  Here, all the evidence and all the witnesses are located in Illinois and none of the witnesses and none of the evidence is in New York State. As a general rule, the interpretation of a contract is determined by the law of the jurisdiction where the contract was made.  Here the contract was executed in Illinois. Let an Illinois tribunal determine its meaning.

See Trustees of Nat'l Automatic Sprinkler Industry Pension Fund v Delta Automatic Systems, Inc. (1992, DC Md) 15 EBC 2350 where the court ruled that an action brought by trustees of Maryland-administered pension and welfare funds against New Mexico employer to recover delinquent contributions was transferred from Maryland to New Mexico, based upon best interest of both parties and judicial economy; even though policy in ERISA cases favors plaintiffs' choice of forum, where contacts between plaintiffs forum and underlying cause of action are attenuated, weight given plaintiffs' choice is diminished. See also John Doe v Connors (1992, WD Va) 796 F Supp 214, 15 EBC 1310. where the court held that an action brought by beneficiaries of health care benefit plan which alleged that defendant plan trustees breached their fiduciary duty to beneficiaries by arbitrarily deciding to suspend benefits was properly brought in Virginia (rather than District of Columbia), since 9,000 beneficiaries live in Virginia, all parties are represented by local counsel, and interest of justice favors Virginia, which has much less congested docket than District of Columbia. See also  Hanley v Omarc, Inc.

(1998, ND Ill) 6 F Supp 2d 770., an ERISA action, where plaintiff's chosen forum lacks any significant contact with underlying cause of action, plaintiff's chosen forum is entitled to less than substantial deference. See also <u>Joyce v Razook Tile</u> (1996, DC Dist Col) 20 EBC 1694 which held that although 29 USCS §1132(e)(2) provides that action may be brought in district where plan is administered, where breach took place, or where defendant resides or may be found, court, pursuant to 28 USCS 1404(a), may, for convenience of parties and witnesses, and interest of justice, transfer ERISA action to any other district where it might have been brought.  28 USCS § 1404(a), which allows transfer of case for convenience of parties and witnesses in interest of justice, applies to ERISA actions. <u>Hanley v Omarc, Inc.</u> (1998, ND Ill) 6 F Supp 2d 778.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the complaint in this action should be dismissed.


Dated:  July 22, 2008
         New York, NY

                                                             _____/s/_____
                                                              Raymond Ragues (RR8918)
                                                              **RAGUES AND MIN, LLP**
                                                              *Attorneys for Village Resorts, Inc.,*
                                                               11 Broadway Suite 819
                                                               New York, NY  10004
                                                               212-766-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND,
And The Trustees of the Unite Here
National Retirement Fund

                                      Plaintiff(s),

**AFFIDAVIT IN
SUPPORT OF MOTION
TO DISMISS**

-against-

VILLAGE RESORT, INC., d/b/a
THE PURPLE HOTEL, and
JOHN DOES 1-10 (all other trades or businesses
under common control with Village Resorts, Inc)

                                      Defendant(s).
---------------------------------------------------------------X

State Of Illinois    County Of    Cook    SS.:

DONALD BAE, being duly sworn, deposes and says:

1. I am the President and General Manager of Village Resorts, Inc. and submit the affidavit in support of the motion to dismiss.

2. I have been the President and General Manager of Village Resorts, Inc. almost continuously since 1991 and as such I am fully familiar with the facts and circumstances concerning this lawsuit. This business is now closed due to financial problems. I ran and manage the day to day operations of the Purple Hotel, a small hotel located in the suburbs of Lincolnwood Illinois. It was a small family owned enterprise. Our small business catered wedding parties, local business functions as well as small banquets.

3. This business has had no contacts whatsoever with the State of New York. We never had any offices in New York State. We never had any phone numbers or any business relationships in the State of New York. We are only licensed to do business in Illinois.

4. I have read my attorney's Memorandum of Law and agree that this case should be dismissed because it would be unreasonable to force this small defunct business to defend itself in the Southern District of New York.

5. Everything that gave rise to this lawsuit occurred in Illinois. I was completely surprised to find this company as a defendant in a lawsuit in New York State. I reiterate what my attorney states in his Memorandum of Law. The funds are only partly administered in New York State and this should not force this small company to defend itself in New York. We simply cannot afford to defend in New York State. We simply cannot afford to travel to New York State for all the proceedings that will follow in what appears to be protracted litigation.

6. The plaintiffs are claiming an amount of money that seems to be picked out of a hat. There is no rhyme or reason to suggest that this company actually owes the amount of money that is demanded in the complaint. The plaintiffs, however, are trying to force me to acknowledge an amount of money that makes no economic sense. I think it is only natural that this matter be fully defended in our home state of Illinois.

7. This court should be aware that towards the end of 2006, the Hotel had several meetings with the Union. At the Union's request, Joe Dula a federal mediator was present. Bill Bichirstaff represented the Union. I represented the Hotel. The purpose of these meetings was to renegotiate the collective Bargaining agreement. These

negotiations failed because we were unable to increase any contributions due to financial hardship. We informed them we could no longer afford to stay open.

8. Bill Bichirstaff was aware of our financial difficulties and informed me that the Union would not assert any withdrawal liability claim against the Hotel. The Union then changed representatives and asserted a claim. We then offered to settle this withdrawal liability claim by offering a 100K lien on the hotel property.

9. Before we received a response to this offer, the instant NY lawsuit was filed.

10. As is clear, the allegations in paragraph 16 of the complaint are false because we were in active negotiation to settle this matter.

11. We would have sought to arbitrate this case if the plaintiffs had given us a response. I have been informed by my New York lawyer that the Plaintiffs' counsel has rejected this offer. I have asked my local Illinois attorney to begin arbitration of this matter here in Illinois.

12. I am therefore asking this court to dismiss this lawsuit and /or transfer it to Illinois.

WHEREFORE, I respectfully request that this mater be dismissed for the reasons mentioned in the accompanying Memorandum of Law.

Donald Bae
President of Village Resorts Inc.

Sworn to before me on the
18th Day of July, 2008

Notary Public

"OFFICIAL SEAL"
Melissa M Bae
Notary Public, State of Illinois
Commission Expires 5/15/2012