UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND,
And The Trustees Of The Unite Here
National Retirement Fund

                              Plaintiffs,

                   -against-

VILLAGE RESORTS,  INC., d/b/a
THE PURPLE HOTEL., and
JOHN DOES 1-10 (all other trades or businesses
under common control with Village Resorts, Inc)

                              Defendants

--------------------------------------------------------------------------------X

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF MOTION
TO DISMISS COMPLAINT**

      Village Resorts, Inc. submits this Memorandum of Law in support of the instant motion under Fed. R. Civ. P. 12(b) seeking to dismiss this action on the grounds of (1) lack of jurisdiction and (2) improper venue or, alternatively, to dismiss this action pursuant to 28 U.S.C. §1404(a) on the grounds of forum non conveniens.

      This action must be dismissed since Village Resorts, Inc. is a corporation duly organized under the domestic laws of the state of Illinois.  Village Resorts, Inc. does not and never has conducted business in New York State. Village Resorts, Inc. has never availed itself of any New York privileges sufficient to allow a New York court to properly exercise *in personam* jurisdiction consistent with the due process requirements under New York State law and the United States Constitution.

Assuming *arguendo* that Village Resorts, Inc. is in some remote and tangential way subject to *in personam* jurisdiction in New York State, this action must still be dismissed since the lawsuit was commenced in an improper venue. This breach of contract action arises from activities which occurred exclusively in the state of Illinois.

This action, improperly brought in the Southern District of New York must be dismissed.

**Factual Background**

The defendant Village Resorts, Inc., doing business as The Purple Hotel, was licensed by the state of Illinois to operate a hotel/motel business in the village of Lincolnwood, Illinois. It holds no other license to operate any other enterprise. Its license is limited to operating the business in the village of Lincolnwood, Illinois.

The now defunct business is even further restricted in scope by the fact that it is a small family owned enterprise. Mr. Donald Bae, a family member and the general manager almost continuously since 1991, has had no business contacts in New York State whatsoever. See Affidavit of Mr. Bae, Exhibit A. The defendants are not aware of any contacts which would subject them to the jurisdiction of New York State.

The defendants did enter into a contract with a union in Illinois. It is this contract that forms the basis of the dispute between the parties. This contract was executed by the defendant and the union in the State of Illinois. It is this Illinois contract that the plaintiffs are seeking to litigate in New York State.

Due to financial difficulties the defendants have closed their business and the plaintiffs are now asserting a withdrawal liability claim in this lawsuit.

**<u>Lack of In Personam Jurisdiction</u>**

29 U.S.C. 1132 (e) 1 subsection 2 provides:

"Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

The plaintiffs do not claim anywhere in the complaint that the breach took place in New York, or that the defendants reside or may be found in New York. Nor do the plaintiffs claim that the "plan" is administered in New York. These are by omission concededly lacking. However, carefully reading the "Jurisdiction and Venue" paragraphs numbered two and three of the complaint, the plaintiffs claim that because the "Fund is administered *<u>in part</u>* in the Southern District…" (Emphasis added), the jurisdictional and venue requirements of the statute are met. Such is not the case. Had the legislature wanted "partial" administration to form a basis for venue, it would have so stated in the statute. Instead, the statute explicitly states "where the plan is administered" it does not state where the "fund" is "partially" administered, as the plaintiffs would have this Court believe.

Thus, on the face of the complaint, the plaintiffs concede that the fund is "not" administered in the Southern District, only that "funds" are partially administered in the Southern District. This renders their complaint fatally defective and mandates the dismissal of this complaint in its entirety.

*<u>Illinois is the Proper Venue for this Action</u>*

Even if this Court were to overlook this statutory requirement, and apply a more relaxed standard that is generally required in ERISA litigation, it must still be dismissed. 28 USCS 1404 states "(a) For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. "

As stated above, the defendant, a small local defunct business in the village of Lincolnwood, Illinois should not be forced to defend itself in the Southern District of New York.  The plaintiffs are obviously seeking some sort of tactical advantage by forcing the defendant to defend itself in a venue with which it has had no contact whatsoever and, in addition, sufficiently far enough that it would be difficult to even attend a pretrial conference, let alone depositions, motions, conferences, and a full trial.  This Court should not countenance such a bold faced effort to obtain a tactical advantage in this litigation. Rather, this Court should dismiss this case and force the plaintiffs to choose a forum more convenient to the parties and witnesses, i.e. Illinois.

Nor should the plaintiffs be surprised by such a decision. The very contract at issue states in paragraph 22.2 that "All such contributions shall be paid monthly by the Employer to the Local 46 Pension Fund or to such local trust fund as may be hereafter be organized in the **City of Chicago** for participation by the Laundry, Dry Cleaning, Linen supply and Allied Industries, as designated in writing from time to time by the duly qualified President of the Union, …" (Emphasis added).  From a simple reading of the contract, there is not doubt that the parties intended that the Contract at issue was a local and domestic matter, not one with the potential of subjecting the defendant to jurisdiction anywhere in the United States that the plaintiff *unilaterally* decides to "*partly*"  administer its funds.

If this Court were to balance the interests of both sides in a fair and balanced measure, it will order that this case be dismissed or transferred forthwith to Illinois pursuant to 28 USCS §1404**.**

### a. Burden on the Defendant

The defendant is out of business and cannot afford to travel to New York City to defend itself in the Southern District of New York. On the side of the plaintiffs, is a large fund that does business at the very least in Illinois and New York State is, in this action, being represented by a large international law firm with offices on at least two continents. See www.srz.com. On the other side is a small defunct business that has never done business outside the village of Lincolnwood and is not authorized to do business anywhere else. Just these factors alone would warrant a dismissal of this action.

### b. Interests of the Forum

The forum with the greater interest is Illinois. If the trustees of the pension fund actually seek to protect the interests of its members, all Illinois workers, then Illinois has a greater interest than does New York State, a state where none of the workers reside and only where the fund is administered "in part". Any interest of New York State is at best academic and attenuated.

### c. Convenient and Effective Relief

All parties would be able to avail themselves of the federal courts in Chicago. This form would without doubt provide all parties a convenient and effective relief to litigate the responsibilities of the underlying contract at issue. The plaintiffs are unable to

claim that Illinois does not have a forum capable of resolving this dispute. They have the same federal judiciary at their disposal.

### d. Efficient Administration of Justice

This factor generally involves where the witnesses and evidence are likely to be located. Here, all the evidence and all the witnesses are located in Illinois and none of the witnesses and none of the evidence is in New York State. As a general rule, the interpretation of a contract is determined by the law of the jurisdiction where the contract was made. Here the contract was executed in Illinois. Let an Illinois tribunal determine its meaning.

See Trustees of Nat'l Automatic Sprinkler Industry Pension Fund v Delta Automatic Systems, Inc. (1992, DC Md) 15 EBC 2350 where the court ruled that an action brought by trustees of Maryland-administered pension and welfare funds against New Mexico employer to recover delinquent contributions was transferred from Maryland to New Mexico, based upon best interest of both parties and judicial economy; even though policy in ERISA cases favors plaintiffs' choice of forum, where contacts between plaintiffs forum and underlying cause of action are attenuated, weight given plaintiffs' choice is diminished. See also John Doe v Connors (1992, WD Va) 796 F Supp 214, 15 EBC 1310. where the court held that an action brought by beneficiaries of health care benefit plan which alleged that defendant plan trustees breached their fiduciary duty to beneficiaries by arbitrarily deciding to suspend benefits was properly brought in Virginia (rather than District of Columbia), since 9,000 beneficiaries live in Virginia, all parties are represented by local counsel, and interest of justice favors Virginia, which has much less congested docket than District of Columbia. See also  Hanley v Omarc, Inc.

(1998, ND Ill) 6 F Supp 2d 770., an ERISA action, where plaintiff's chosen forum lacks any significant contact with underlying cause of action, plaintiff's chosen forum is entitled to less than substantial deference. See also <u>Joyce v Razook Tile</u> (1996, DC Dist Col) 20 EBC 1694 which held that although 29 USCS §1132(e)(2) provides that action may be brought in district where plan is administered, where breach took place, or where defendant resides or may be found, court, pursuant to 28 USCS 1404(a), may, for convenience of parties and witnesses, and interest of justice, transfer ERISA action to any other district where it might have been brought.  28 USCS § 1404(a), which allows transfer of case for convenience of parties and witnesses in interest of justice, applies to ERISA actions. <u>Hanley v Omarc, Inc.</u> (1998, ND Ill) 6 F Supp 2d 778.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that the complaint in this action should be dismissed.


Dated:  July 22, 2008
          New York, NY

                                        _____/s/_____
                                         Raymond Ragues (RR8918)
                                         **RAGUES AND MIN, LLP**
                                         *Attorneys for Village Resorts, Inc.,*
                                          11 Broadway Suite 819
                                          New York, NY  10004
                                          212-766-1100