UNITED STATES DISTRICT COURT      x
SOUTHERN DISTRICT OF NEW YORK    :
\-------------------------------------------------------------- :
THE RETIREMENT PLAN OF THE UNITE    :
HERE NATIONAL RETIREMENT FUND, and   :       08 Civ. 4249 (RPP)
the Trustees of the UNITE HERE National    :
Retirement Fund,    :
   :
                   Plaintiffs,    :
       v.    :
   :
VILLAGE RESORTS, INC., d/b/a THE PURPLE   :
HOTEL, and JOHN DOES 1-10 (all other trades   :
or businesses under common control with Village   :
Resorts, Inc.),    :
   :
                   Defendants.    :
\-------------------------------------------------------------- x

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)


Ronald E. Richman
Max Garfield

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

    I.    The Fund is administered in New York City. .......................................................... 3

    II.   Defendant never initiated arbitration of the Fund's withdrawal liability
        assessment. ............................................................................................................ 3

ARGUMENT ........................................................................................................................ 4

    I.    Standard and Scope of Review. ............................................................................. 4

    II.   The Court has Personal Jurisdiction over Defendant. ........................................... 4

    III.  The Southern District of New York is the Appropriate Venue for Adjudication
        of this Dispute. ...................................................................................................... 6

        A.   Plaintiff's Choice of Forum is Entitled to Significant Deference. .............. 6

        B.   This Dispute Should not be Transferred to Illinois. .................................... 8

CONCLUSION ..................................................................................................................... 10

## TABLE OF AUTHORITIES

### CASES

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
  902 F.2d 194 (2d Cir. 1990)..................................................................................................4

*Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*,
  212 F.3d 1031 (7th Cir. 2000)..............................................................................................5

*Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Sullivant Ave. Props., LLC*,
  508 F. Supp. 2d 473 (E.D. Va. 2007)................................................................................6, 7

*Bowers v. Greenpoint Warehousing & Dist. Serv., Inc.*,
  No. 91 Civ. 3784, 1992 U.S. Dist. LEXIS 6599 (S.D.N.Y. May 5, 1992).................................8

*Cent. States, Se. & Sw. Areas Pension Fund v. Advance Plumbing & Heating Supply Co.*,
  No. 89 C 6687, 1990 U.S. Dist. LEXIS 198 (N.D. Ill. Jan. 4, 1990).........................................7

*Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Distrib. Carriers, Inc.*,
  No. 92 C 2411, 1992 U.S. Dist. LEXIS 11974 (N.D. Ill. Aug. 3, 1992)...................................9

*Cent. States, Se. & Sw. Areas Pension Fund v. Stephens*,
  720 F. Supp. 126 (N.D. Ill. 1989) ........................................................................................9

*Cent. States v. Cent. Transp., Inc.*,
  472 U.S. 559, 105 S. Ct. 2833 (1985)...................................................................................8

*Cohn v. Met Life Ins., Co.*,
  No. 07 Civ. 0928 (HB), 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. May 31, 2007)...............6, 7

*Connors v. Peles*,
  637 F. Supp. 321 (D. D.C. 1986) .........................................................................................8

*Consumer Prod. Safety Comm'n v. GTE Sylvania*,
  447 U.S. 102 (1980)............................................................................................................6

*CutCo Indus., Inc. v. Naughton*,
  806 F.2d 361 (2d Cir. 1986)................................................................................................4

*Gmurzynska v. Hutton*,
  257 F. Supp. 2d 621 (S.D.N.Y. 2003)..................................................................................4

*Hetchkop v. George Harms Excavating Corp.*,
  No. 92 Civ. 2239, 1993 WL 88106 (S.D.N.Y. Mar. 26, 1993)...............................................5

*IUE AFL-CIO Pension Fund v. Herrmann*,
    9 F.3d 1049 (2d. Cir. 1993)..........................................................................................5

*John Doe v. Connors*,
    796 F. Supp. 214 (W.D. Va. 1992).............................................................................10

*Local 8A-28A Welfare & 401(k) Ret. Funds v. Golden Eagles Architectural Metal
Cleaning & Refinishing*,
    277 F. Supp. 2d 291 (S.D.N.Y. 2003).....................................................................4, 5

*Med. Mut. of Ohio v. DeSoto*,
    245 F.3d 561 (6th Cir. 2001)......................................................................................5

*Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Westchester Lace &
Textiles, Inc.*,
    05 Civ. 6138, 2006 U.S. Dist. LEXIS 49845 (S.D.N.Y. July 21, 2006)....................8

*Schneider Moving & Storage Co. v. Robbins*,
    466 U.S. 364, 104 S. Ct. 1844 (1984)........................................................................8

*Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*,
    C.A. No. 3:06 CV. 2065, 2008 U.S. Dist. LEXIS 41208 (D. Conn. May 27, 2008)..................9

*Trustees of HEREIU Pension Fund v. Amivest Corp.*,
    733 F. Supp 1180 (N.D. Ill. 1990)..............................................................................7

*Trustees of Nat'l Automatic Sprinkler Indus. Pension Fund v. Delta Automatic Sys., Inc.*,
    C.A. No. HAR 92-804, 1992 U.S. Dist. LEXIS 10958 (D. Md. July 20, 1992)......................10

## STATUTES

ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2)..............................................................4, 6

ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2)................................................................10

ERISA § 4219(b), 29 U.S.C. § 1399(b)........................................................................8

ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5)................................................................8

ERISA § 4301(b), 29 U.S.C. § 1451(b)........................................................................7

Plaintiffs, the Retirement Plan and the Trustees of the UNITE HERE National Retirement Fund (the "Fund"), by and through their undersigned counsel, respectfully submit this memorandum of law in opposition to the motion to dismiss of Defendant, Village Resorts, Inc., d/b/a The Purple Hotel, and John Does 1-10 (all other trades or business under common control with Village Resorts, Inc. (collectively, "Village Resorts" or "Defendant").

## PRELIMINARY STATEMENT

On May 5, 2008, Plaintiffs initiated the instant action to recover withdrawal liability, liquidated damages, interest, attorneys' fees and costs from Defendant, pursuant to the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"). Defendant now seeks to dismiss the complaint on the grounds of (1) lack of jurisdiction and (2) improper venue or, alternatively, to dismiss this action pursuant to 28 U.S.C § 1404(a) on the ground of *forum non conveniens*. Defendant's motion must be denied on all grounds.

This Court has jurisdiction over Defendant pursuant to ERISA, which authorizes nationwide service of process, and confers nationwide personal jurisdiction. It is well established that ERISA's nationwide service of process provisions confer personal jurisdiction over a defendant as long as the defendant has minimum contacts with the United States as a whole. Defendant, without dispute, meets this requirement and thus is subject to the jurisdiction of any federal court within in the United States.

ERISA contains its own venue provision that provides expressly that a withdrawal liability action may be brought "where the plan is administered." There is only one interpretation to such language – anywhere that a fund is administered is the proper venue for a withdrawal liability action. Defendant's motion relies on a strained, unsupported reading of an unambiguous venue provision. As pled in the complaint, the Fund is administered, in part, in New York.

Moreover, Defendant's motion ignores the well-settled intentions of both Congress and the federal courts to facilitate the ability of employee benefit plans to collect monies owed to satisfy pension obligations to beneficiaries and participants. In a too little, too late effort to prevail on the Court's sympathy by casting Defendant as a "small local defunct business" without resources to defend itself, Defendant disregards Congress's intention to protect retirees' benefits. Defendant also ignores its eighteen-month delay in responding to four written notifications of its withdrawal liability. Only because of Defendant's failure to respond was the Fund obligated to bring this action in the first place. Additionally, as a withdrawal liability case subject to certain arbitration provisions, Defendant can no longer challenge the amount owed to the Fund. Despite Defendant's conclusory suggestion to the contrary, this litigation will not require extensive discovery, witness testimony or burdensome amounts of evidence. Defendant's motion is meritless and should be denied in its entirety.

## STATEMENT OF FACTS

Village Resorts had an obligation to contribute to the Hotel Employees and Restaurant Employees International Union Pension Fund (the "HEREIU Pension Fund") pursuant to the terms of various collective bargaining agreements effective through December 31, 2005 (collectively, the "CBA"). (Compl. ¶ 11.) Village Resorts incurred a complete withdrawal from the HEREIU Pension Fund on December 31, 2006. (Compl. ¶ 18.) The instant action arises out of the $531,782.61 withdrawal liability obligation assessed by the Fund against Defendant, pursuant to ERISA Section 4201, 29 U.S.C. § 1381. (Compl. ¶¶ 18-24.) Effective as of September 30, 2007, the HEREIU Pension Fund merged into and became part of the Fund. (Compl. ¶ 12; Affidavit of Richard Rust in Support of Plaintiffs' Opposition, dated August 4, 2008 ("Rust Aff."), ¶ 2.)

2

### I.    The Fund is administered in New York City.

The Fund has administrative offices in New York and Rhode Island.  (Rust Aff. ¶ 3.)  The Amalgamated Life Insurance Company provides administrative services to the UNITE HERE Fund Administrators, Inc., the administrator of the Fund and is located in New York.  (*Id.*)  The Fund's counsel, Schulte Roth & Zabel LLP, is located in New York.  (Rust Aff. ¶ 4.)  The Board of Trustees of the Fund hold meetings in New York on a regular basis.  (Rust Aff. ¶ 5.)  Various Board of Trustee committee meetings also routinely take place in New York.  (*Id.*)

### II.    Defendant never sought review or arbitration of the Fund's withdrawal liability assessment.

Following Defendant's withdrawal, the HEREIU Pension Fund initiated procedures to attempt to collect the withdrawal liability assessed against Village Resorts.  (Compl. ¶¶ 20-24.)  Village Resorts received a letter from the HEREIU Pension Fund on February 23, 2007, notifying Village Resorts that it owed withdrawal liability in the estimated amount of $531,206.59.  (Compl. ¶ 20.)  A letter was sent by the HEREIU Pension Fund on May 2, 2007 notifying Village Resort's counsel that Village Resorts failed to make its first monthly payment due on April 24, 2007, and advising that if the delinquency was not cured within ten days, the HEREIU Pension Fund would initiate a lawsuit in federal court for any delinquent payments plus interest.  (Compl. ¶ 21.)  Another letter was sent by the HEREIU Pension Fund on May 15, 2007, notifying Village Resort's counsel that Village Resorts failed to make its first monthly installment, which was due on April 24, 2007, and advising that failure to pay within sixty days from the date Village Resorts received this letter would constitute a default permitting acceleration of Village Resort's withdrawal liability.  (Compl. ¶ 22.)  A final letter was sent by the HEREIU Pension Fund on September 12, 2007, notifying Village Resort's counsel that the revised withdrawal liability assessment total was $531,782.61.  (Compl. ¶ 24.)

The HEREIU Pension Fund did not receive Village Resort's first monthly installment within sixty (60) days of Village Resort's receipt of the HEREIU Pension Fund's May 15, 2007 letter. (Compl. ¶ 23; Rust Aff. ¶ 7.) At no time did Village Resorts request a review or initiate an arbitration proceeding contesting the withdrawal liability determination. (Rust Aff. ¶ 8.) To date, Village Resorts has failed to pay the Fund any of the withdrawal liability it owes and now challenges the Court's jurisdiction to adjudicate the Fund's claim.

## ARGUMENT

**I.      Standard and Scope of Review.**

A plaintiff may defeat a motion to dismiss for lack of personal jurisdiction prior to discovery on that issue by pleading in good faith facts constituting a *prima facie* showing of jurisdiction. *Local 8A-28A Welfare & 401(k) Ret. Funds v. Golden Eagles Architectural Metal Cleaning & Refinishing*, 277 F. Supp. 2d 291, 293 (S.D.N.Y. 2003); *see also Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990); *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003). The pleadings and affidavits "are construed in the light most favorable to plaintiff and all doubts are resolved in its favor." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Local 8A-28A Welfare & 401(k) Ret. Funds*, 277 F. Supp. 2d at 293-4 (internal citations omitted) (In an ERISA action, observing that courts must "draw all inferences in favor of the pleader.")

**II.      The Court has Personal Jurisdiction over Defendant.**

Defendant's contacts with the United States generally support this Court's exercise of personal jurisdiction pursuant to Sections 502(e) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), which confer nationwide service of process and nationwide personal jurisdiction. Courts routinely interpret the nationwide service provisions of ERISA Sections

502(e) and 4301(d) to confer "personal jurisdiction over a defendant so long as the defendant has minimum contacts with the United States." *Local 8A-28A Welfare & 401(k) Ret. Funds*, 277 F. Supp. 2d at 294-95 (denying a 12(b)(2) motion and finding the court may exercise personal jurisdiction pursuant to ERISA Section 502(e)(2) because the defendant had minimum contacts with the United States in general); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056 (2d. Cir. 1993) (ruling that ERISA Section 4301(b) confers nationwide personal jurisdiction). "Long settled law in the Second Circuit provides that where federal jurisdiction is conferred by a federal statute in which Congress provided for nationwide service of process, defendant is subject to personal jurisdiction without regard to state long-arm statutes." *Hetchkop v. George Harms Excavating Corp.*, No. 92 Civ. 2239, 1993 WL 88106, at *2 (S.D.N.Y. Mar. 26, 1993) (citing *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974). Defendant was a business operating in the United States and a participant in an employee benefit plan governed by ERISA and is thus subject to nationwide personal jurisdiction in this action.

The Second Circuit Court of Appeals' interpretation is consistent with decisions in other jurisdictions, including the Seventh Circuit, which is where Defendant asserts this case should be transferred. *See Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.* 212 F.3d 1031, 1037 (7th Cir. 2000) (ERISA Section 502(e)(2) "comports with the Constitution and provided [the district court] with personal jurisdiction over [defendants] even on the assumption that neither has any 'contacts' with [the forum state]"); *see also Med. Mut. of Ohio v. DeSoto*, 245 F.3d 561, 566 (6th Cir. 2001) (In the context of determining personal jurisdiction in an ERISA case, "[r]ather than asking whether the defendant has sufficient minimum contacts with the forum state for the exercise of jurisdiction to comport with traditional notions of fair play and substantial justice, as courts do when relying on a state's long-arm statute

to establish territorial jurisdiction, a court should ask whether the defendant has sufficient minimum contacts with the United States."). As an employer engaged in business in the United States (*see* Defendant's Memorandum of Law in Support of Motion to Dismiss Complaint ("Def. Br.") at 2), Defendant has maintained minimum contacts with the United States. Accordingly, this Court has personal jurisdiction over Defendant.

### III.        The Southern District of New York is the Appropriate Venue for Adjudication of this Dispute.

Venue is proper pursuant to the same ERISA sections that confer personal jurisdiction. When an action is brought under ERISA in a district court of the United States, "it may be brought in the district where the plan is administered." ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). The Fund is administered within the Southern District of New York at 730 Broadway, New York, New York 10003. (Compl. ¶ 3; Rust Aff. ¶¶ 3-5.) Defendant cites no authority to support its interpretation of the statute – and ignores well-settled legislative intent – with respect to the Fund being administered "in part" in the Southern District.[1] "Absent a clearly expressed legislative intention to the contrary, that language must be ordinarily regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108 (1980). Here, as the Fund is administered in New York City (*see* Rust Aff. ¶¶ 3-5), the Southern District of New York is the proper venue for this action.

### A.        Plaintiff's Choice of Forum is Entitled to Significant Deference.

Plaintiffs' choice of forum should not be altered unless the balance of convenience is strongly in favor of a transfer. *See Cohn v. Met Life Ins., Co.*, No. 07 Civ. 0928 (HB), 2007 U.S. Dist. LEXIS 39161, at *6 (S.D.N.Y. May 31, 2007); *Bd. of Trustees, Sheet Metal Workers'*

---

[1]    That the Fund is administered in two different jurisdictions lends no support to Defendant's argument that New York is not the proper venue. Rhode Island, also a proper venue for this action, would be no more convenient for the Defendant.

*Nat'l Pension Fund* v. *Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)

("[I]n ERISA cases where Plaintiff brings suit in the district where the plan at issue is

administered, Plaintiff's choice of forum is afforded greater weight than would typically be the

case."). Defendant's attempt to transfer the case disregards Congress's intention of expanding an

ERISA plaintiff's choice of forum. *See id.* (discussing Congress's intent to provide broad

remedies to ERISA plaintiffs and remove jurisdictional and procedural obstacles that could

impair recovery in ERISA suits); *see also Trustees of HEREIU Pension Fund v. Amivest Corp.*,

733 F. Supp. 1180 (N.D. Ill. 1990) (denying a motion to transfer where two of the three plaintiff

funds were administered in the forum state).

      The interests of justice dictate that the Southern District of New York is the

appropriate venue to litigate this case. First and foremost, as noted, the Fund is administered in

New York. (Rust Aff. ¶ 3.) Additionally, the Fund's Board of Trustees meets in New York on a

regular basis. (Rust Aff. ¶ 3); *see, e.g., Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d at 477

("an employee benefit plan is administered where the plan's offices are located, where its affairs

are conducted, where its trustees meet, and where its records are kept." (citing *Sprinzen v. Sup.*

*Ct. of N.J.*, 478 F. Supp. 722 (S.D.N.Y. 1979))). This should be the end of the Court's analysis.

      Assuming, *arguendo*, that these facts alone are not enough, it would be a

tremendous burden on the Fund if it was required to litigate every collection action in the forum

of the employer.[2] Congress amended the ERISA venue provision in 1980 to simplify collection

actions brought by employee benefit plans to help conserve fund assets. *See Cohn*, 2007 U.S.

Dist. LEXIS 39161, at *7 (In denying a defendant's motion to transfer, the court noted that

"ERISA embodies a policy of providing easy access to the federal courts for aggrieved

---

[2]    An employer's failure to make withdrawal liability payments within the time prescribed shall be treated in the same manner as delinquent contributions. *See* ERISA § 4301(b), 29 U.S.C. § 1451(b).

participants in employee benefit plans"); *see also Cent. States, Se. & Sw. Areas Pension Fund v.*

*Advance Plumbing & Heating Supply Co.*, No. 89 C 6687, 1990 U.S. Dist. LEXIS 198, at *3

(N.D. Ill. Jan. 4, 1990) ("the interest of justice favors simplifying the collection of overdue

contributions to employee benefit plans"); *Connors v. Peles*, 637 F. Supp. 321  (D. D.C. 1986)

("[I]t is well established that ERISA collection cases . . . should be litigated at the place of

business of the fund involved").

### B.    This Dispute Should not be Transferred to Illinois.

Despite Defendant's contentions, a venue transfer would only increase the parties'

legal costs and waste judicial resources.  First, the Fund only brought this action as a result of

Defendant's failure to make timely installment payments or challenge the withdrawal liability

assessment pursuant to the framework set forth by ERISA.  Defendant's failure to pay an

installment payment on time and to cure this past-due installment within sixty days of receiving

late-payment notice constitutes a default under the definitions of default in the statute.[3]  ERISA §

4219(c)(5), 29 U.S.C. § 1399(c)(5).  Because Defendant did not timely initiate an arbitration of

defenses to the withdrawal liability assessment, it is now precluded from asserting those defenses

in a withdrawal liability collection action.  *See Nat'l Pension Plan of the UNITE HERE Workers*

*Pension Fund v. Westchester Lace & Textiles, Inc.*, 05 Civ. 6138, 2006 U.S. Dist. LEXIS 49845,

at *14 (S.D.N.Y. July 21, 2006) (Patterson, J.); *see also Bowers v. Greenpoint Warehousing &*

---

[3]    In support of its Motion to Dismiss, Defendant submits an Affidavit by Donald Bae, President and General Manager of Village Resorts, describing its negotiations with the union concerning Defendant's collective bargaining agreement.  Any such conversations Defendant had with the union (*see* Affidavit of Donald Bae in Support of Defendant's Motion to Dismiss, dated July 18, 2008 ("Bae Aff."), ¶¶ 7-8) are irrelevant to this motion.  The union is an entirely different entity than the Fund.  *See Cent. States v. Cent. Transp., Inc.*, 472 U.S. 559, 575-76, 105 S. Ct. 2833, 2843 (1985); *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370-76, 104 S. Ct. 1844, 1848-51 (1984).  Regardless, there is no valid basis for the assertion that the union would represent to Defendant that it would not assert a withdrawal liability claim against Village Resorts.  (*See* Bae Aff. ¶ 8.)  The union, not a party to this action, cannot make such a representation on behalf of the Fund.  In order to challenge the HEREIU Pension Fund's withdrawal liability assessment, Defendant was required to respond directly to the HEREIU Pension Fund's repeated notification letters rather than rely on a conversation with a union representative.  (*See* ERISA § 4219(b), 29 U.S.C. § 1399(b).)

*Dist. Serv., Inc.*, No. 91 Civ. 3784, 1992 U.S. Dist. LEXIS 6599, at *4 (S.D.N.Y. May 5, 1992)

("Failure to initiate arbitration within the statutory time period operates as a waiver of arbitration,

thereby fixing the withdrawal liability and foreclosing any challenge to its imposition").

        Furthermore, Defendant's concerns of fairness, costs and efficiencies with regards

to litigating this case in the Southern District of New York are overstated. (*See* Def. Br. at 4.)

As a withdrawal liability case where the amount owed is fixed by statute, this litigation will not

require extensive discovery, witness testimony or burdensome amounts of evidence. *See Tritt v.*

*Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, C.A. No. 3:06 CV. 2065,

2008 U.S. Dist. LEXIS 41208, at *9 (D. Conn. May 27, 2008) ("[T]he procedural posture of this

[ERISA] case renders the convenience of the witnesses less significant than in cases where

witness testimony will undoubtedly be required."); *see also Cent. States, Se. & Sw. Areas*

*Pension Fund v. Stephens,* 720 F. Supp. 126, 127 (N.D. Ill. 1989) (denying defendant's motion to

transfer venue in a routine withdrawal liability collection action based on conclusory assertions

of inconvenience and financial hardship contained in a single affidavit.); *Cent. States Se. & Sw.*

*Areas Pension Fund v. Cent. Distrib. Carriers, Inc.*, No. 92 C 2411, 1992 U.S. Dist. LEXIS

11974, at *4-5 (N.D. Ill. Aug. 3, 1992) (denying defendant's motion to transfer in a withdrawal

liability collection action where defendant "has not shown a substantial need for calling many, if

any, witnesses and therefore has not established a compelling reason why [the] court should

upset plaintiffs' choice of forum."). Any alleged dispute between the union, a non-party, and

Village Resorts (*see* Bae Aff. ¶¶ 7-8) will not add complexity to adjudication of the Fund's

straightforward claims before this Court.

        Defendant argues that the efficient administration of justice supports its motion to

transfer the case to Illinois. The cases Defendant relies upon for this proposition, none of which

are binding on this Court, do not support Defendant's motion. For instance, in *Trustees of National Automatic Sprinkler Industry Pension Fund v. Delta Automatic Systems, Inc.*, which was not a withdrawal liability action and far more complex than the instant dispute, the court relied, in part, on judicial economy and witness convenience. C.A. No. HAR 92-804, 1992 U.S. Dist. LEXIS 10958, at *8 (D. Md. July 20, 1992). Neither of those factors are an issue in this case. Defendant cannot rely heavily on the convenience of potential witnesses, as the withdrawal liability amount is fixed. Defendant also relies on *John Doe v. Connors*, a case involving breach of fiduciary duties, where the court "recognize[d] that the plaintiff's choice of venue should be accorded substantial weight" and denied defendant's motion to transfer. 796 F. Supp. 214, 222 (W.D. Va. 1992). The cost of litigating this case will only increase as a result of Defendant's challenge of this Court's jurisdiction, as the statute provides for the court to award attorney's fees (*see* ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2)). In effect, this motion will only add to the amount Defendant will ultimately be found to owe to the Fund.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint, or alternatively to transfer the action, should be denied.

Dated: New York, New York
      August 7, 2008

                                SCHULTE ROTH & ZABEL LLP

                                By: /s/ Max Garfield
                                   Ronald E. Richman
                                   Max Garfield

                                919 Third Avenue
                                New York, New York  10022
                                (212) 756-2000

                                *Attorneys for Plaintiffs*

10