UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE RETIREMENT PLAN OF THE UNITE HERE NATIONAL RETIREMENT FUND, and the Trustees of the UNITE HERE National Retirement Fund,

                                    Plaintiffs,

- against -

VILLAGE RESORTS, INC., d/b/a THE PURPLE HOTEL, and JOHN DOES 1-10 (all other trades or businesses under common control with Village Resorts, Inc.).

                                      Defendant.,

------------------------------------------------------------------------X

08 Civ. 4249 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

On July 21, 2008, Defendant Village Resorts filed a motion pursuant to Fed. R. Civ. P. 12(b) to dismiss this action on the grounds of lack of jurisdiction and improper venue.  In the alternative, Defendant moved to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404.  Argument on this motion was held on September 25, 2008.  Thereafter, the parties engaged in unsuccessful settlement negotiations necessitating the resolution of Defendant's motion.  For the reasons set forth below, Defendant's motion to dismiss is denied.  Defendant's motion to transfer this case to the Northern District of Illinois is granted.

**1. The Complaint**

Defendant Village Resorts, Inc, doing business as The Purple Hotel, was licensed by the state of Illinois to operate a hotel/motel business in the town of Lincolnwood, Illinois. (Plaintiffs' 05/05/2008 Complaint ("Compl.") ¶¶ 9-10.)  Pursuant to the terms of

1

a collective bargaining agreement between Defendant and the Hotel Employees and Restaurant Employees International Union Pension Fund (the "HEREIU Pension Fund"), through December 31, 2005, Defendant had an obligation to contribute to the HEREIU Pension Fund.  (Compl. ¶¶ 11, 14-15.)  The HEREIU Pension Fund is a defined pension plan within the meaning of Section 3(35) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(35).  (Compl. ¶¶ 5-6.)

As of December 31, 2006, an acceptable collective bargaining agreement between Defendant and the HEREIU Pension Fund had not been reached, and also as of that date, the HEREIU Pension Fund had not received a written request for an extension of time pursuant to the One-Year Resolution Policy.  (Compl. ¶¶ 16-17.)  Because of this, Defendant incurred a complete withdrawal from the HEREIU Pension Fund, assuming complete withdrawal liability under Section 4201 of ERISA, 29 U.S.C. § 1381.  (Id. ¶¶ 18-19.)  By letter dated February 23, 2007, the HEREIU Pension Fund notified Defendant that it owed the HEREIU Pension Fund withdrawal liability in the estimated amount of $531,206.59, to be paid in sixty-one monthly installments of $10,415.14 each, commencing on April 24, 2007 plus a final payment of $8,644.57.  (Id. ¶ 20.)

By letter dated May 2, 2007, the HEREIU Pension Fund notified counsel for Defendant that Defendant had failed to make the first monthly payment due on April 24, 2007.  (Compl. ¶ 21.)  The letter threatened lawsuit if the delinquency was not cured with ten days.  (Id.)  The HEREIU Pension Fund sent a second letter to Defendant on May 15, 2007, notifying Defendant that it had failed to make the first monthly installment due on April 24, 2007, and that Defendant's failure to pay would constitute a default permitting acceleration of Defendant's withdrawal liability if the first installment plus interest was

not paid within sixty days.  (Id. ¶ 22.)  The HEREIU Pension Fund did not receive Defendant's first monthly installment within 60 days of the May 15, 2007 letter.  (Id. ¶ 23.)

On September 30, 2007, the HEREIU Pension Fund merged into and became part of Plaintiff's Fund, the UNITE HERE National Retirement Fund (the "Fund").  (Compl. ¶ 12.)  The Fund is "administered in part … at 730 Broadway, New York, New York 10003," which is located in the "Southern District of New York."  (Id. ¶ 3.)  On May 5, 2008, Plaintiffs filed this current action under Sections 502(a)(3) and 4301(a) of ERISA in the Southern District of New York, demanding full payment of Defendant's outstanding withdrawal liability ($531,782.61) as well as liquidated damages and attorneys' fees under 29 U.S.C. § 1399(c)(5).  (Id. ¶¶ 27-30.)

**2. Discussion**

On July 22, 2008, Defendant filed the current motion, alleging that under the ERISA jurisdictional provisions, this Court lacked personal jurisdiction over Defendant to hear this matter.  In the alternative, Defendant requested that this Court exercise its discretion and transfer this case to the Northern District of Illinois.

A. *Personal Jurisdiction over Defendant*

In the jurisdiction provision of ERISA, subsection 2 provides that "[w]here an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found …"  See 29 U.S.C. § 1132(e); see, e.g., Local 8A-28A Welfare v. Golden Eagles, 277 F. Supp. 2d 291, 295-95 (S.D.N.Y. 2003);

3

American Medical Association v. United Healthcare, 2001 U.S. Dist. LEXIS 10818 (S.D.N.Y. 2001).

This Complaint alleges jurisdiction under 29 U.S.C. 1132(e)(2) "because the Fund is administered in part in the Southern District of New York." (Compl. ¶ 3.)  Defendant moves to dismiss the Complaint as facially insufficient, arguing that personal jurisdiction in the Southern District of New York is lacking because while an ERISA action may be brought "in the district where the plan is administered," here, the plan is administered only "in part" in the Southern District of New York.[1]  (Defendant's 07/22/08 Memorandum of Law in Support of Motion to Dismiss ("Def. Memo") at 3.)  According to Defendant, "had the legislature wanted 'partial' administration to form a basis for venue, it would have so stated in the statute."  (Def. Memo at 3.)

In opposition to Defendant's motion to dismiss, Plaintiff has produced an affidavit from Richard Rust, the "Fund Manager of the UNITE HERE National Retirement Fund." (08/4/2008 Affidavit of Richard Rust ("Rust Aff.") ¶ 1.)  Rust averred that personal jurisdiction is proper in the Southern District of New York because: the Fund's administrative offices are located both in New York City and Lincoln, Rhode Island; the Fund's legal counsel is located in New York City; the Fund's Board of Trustees "meets regularly in New York," and; "various Board of Trustee Committee meetings routinely take place in New York."  (Rust Aff. ¶¶ 3-5.)

---

[1] Defendant frames its jurisdictional argument solely on statutory grounds, and does not argue that jurisdiction is improper in New York on constitutional due process grounds.  This is unsurprising, as this Court has construed ERISA's national service of process provision to confer personal jurisdiction over a defendant and comport with due process so long as the defendant has had sufficient minimum contacts with the United States as a whole.  See, e.g., Local 8A-28A Welfare & 401(k) Ret. Funds, 277 F. Supp. 2d 291 at 294-95; see also Kiley v. Achieveglobal, 2006 U.S. Dist. LEXIS 59921 (D. Conn. 2006).

4

The question presented is whether such averments are sufficient to support a finding by this Court that under the terms of 29 U.S.C. § 1132(e), the Fund "is administered" in the Southern District of New York.  If not, it is agreed that there is no other basis for finding jurisdiction proper in this district.  This Court concludes that at this stage of the proceedings the aforementioned averments present "legally sufficient allegations of jurisdiction."  See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990) ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, see Fed. R. Civ. P. 11, legally sufficient allegations of jurisdiction.  At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations.")

Under a plain reading of the statute, a plan "is administered" in the District where it is "managed" or directed.  Sprinzen v. Supreme Court of New Jersey, 478 F. Supp. 722, 723-24 (S.D.N.Y. 1979); see also Tyson v. Pitney Bowes, 2007 U.S. Dist. LEXIS 90842, at *7-8 (D. N.J. 2007) (ERISA plans are considered to be administered where the plans are managed under a plain and ordinary meaning of the term "administer"); Wallace v. Am. Petrofina, Inc., 659 F. Supp. 829, 830 (E.D. Tex. 1987) ("The court must look to the place where the plan is managed to determine where proper venue lies"); Bostic v. Ohio River Co., 517 F. Supp. 627 (S.D. W. Va. 1981) (adopting definition of "administer" found in Sprinzen, supra).  Further, a plan can be administered in more than one district. See, e.g., Verizon v. Jaeger, 2006 U.S. Dist. LEXIS 70309 (N.D. Tex. 2006); Wallace, 659 F. Supp. at 830; Bostic, 517 F. Supp. at 631.  And in deciding if venue or jurisdiction is appropriate in a given district, it must be remembered that "Congress intended to open

5

the federal forums to ERISA claims to the fullest extent possible." Fulk v. Bagley, 1980 U.S. Dist. LEXIS 13182, at *14-16 (M.D. N.C. 1980); Wallace, 659 F. Supp. at 831.

In determining whether a pension plan is managed in any given district, thus providing personal jurisdiction over a defendant, courts generally look at the extent of managerial decisions made regarding the plan in that district. See, e.g., Sprinzen, 478 F. Supp. at 722 (New York proper venue where "trustee's affidavit affirmed that trust of plan provided that it be construed according to New York law, only service office was in New York City, all employees responsible for program worked in that office, trustees met only in that office, all documents and records were kept in that office, eligibility determinations and appeals were handled in that office, and majority of employees who participated in program were located in New York"); Bostic, 517 F. Supp. at 627 (Ohio proper venue because administrator maintained office in Ohio, sole site of plan administration was in Ohio, assets from which plan benefits were paid were held at Ohio bank, all decisions concerning plan administration were made in Ohio, and plan records were maintained in administrator's office; venue also proper in West Virginia because checks and other pension plan materials and benefits were mailed to persons in that district); Tyson, 2007 U.S. Dist. LEXIS 90842, at *8-9 (venue proper in Connecticut where management department, which handled the daily administration of the Plan and maintained the Plan's records, was located in Connecticut, all but one of the Committee members work at headquarters in Connecticut, and the Committee holds its meetings in Connecticut"); Holland v. King Knob Coal, 87 F. Supp. 2d 433 (W. D. Pa. 2000) (Washington D.C. proper venue because even though the Plan had field offices located in Western Pennsylvania, those offices were data gathering centers which operate at the

direction of the Trustees from the Plan's main office in Washington); cf. Higman v. Amsted Industries, 523 F. Supp. 427 (E.D. Wis. 1981) (jurisdiction "not proper in plaintiff's state of residence where employee earned no portion of his pension benefits" there); Boyer v. J.A. Majors, 481 F. Supp. 454 (N.D. Ga. 1979) (jurisdiction improper in Georgia "even though conversations were held between members of profit-sharing committee and plaintiff concerning his pension rights, stop payment order was issued on pension check mailed to plaintiff and deposited in Georgia bank, and records which affected plaintiff's rights, liabilities, and benefits originated in Georgia, since plan records were kept, funds were deposited, and all other administrative actions were taken by committee and trustee bank in Texas.")

Adjudged under the aforementioned standards, personal jurisdiction and venue for this case is proper in the Southern District of New York.  The Fund maintains administrative offices in both New York and Rhode Island.  See Bostic, 517 F. Supp. at 627 (pension plan can be administered in multiple districts.)  Further, the Fund relies upon the advice of Schulte Roth & Zabel, a law firm located in New York.  Lastly, the Board of Trustees meets "regularly" in New York and the Board of Trustee Committee meetings "routinely take place in New York."  These managerial actions in New York are sufficient, for the purposes of this motion to dismiss the Complaint, to establish that the plan "is administered" in the Southern District of New York.

And while Defendant argues that mere partial administration of the Fund in the Southern District of New York is insufficient to establish personal jurisdiction, as explained, pension plans can be administered in multiple districts.  Because a plan can be administered in multiple districts, with jurisdiction proper in each district, it directly

7

follows that pension plans that are administered in multiple districts are partially administered in each of those districts.  Thus, Defendant's argument that this Court lacks personal jurisdiction because the plan is only partially administered in the Southern District of New York is rejected.

> B. *Motion to Transfer*

Defendant argues, in the alternative, that under 28 U.S.C. § 1404(a) this case should be transferred to the federal court in the Northern District of Illinois.  For the following reasons, Defendant's motion is granted.

28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Here, there is no dispute that this dispute "might have been [initially] brought" in the Northern District of Illinois, as the ERISA jurisdictional statute provides that an action may be brought "where a defendant resides or may be found…"  See 29 U.S.C. § 1132(e).  Defendant Village Resorts is located in Lincolnwood in Cook County, Illinois, which is within the Northern District of Illinois.  (Comp. ¶ 10.)  Accordingly, venue is proper in the Northern District of Illinois.

As noted, pursuant to 28 U.S.C. § 1404(a), transfer is warranted "for the convenience of the parties and witnesses, in the interest of justice."  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  D.H. Blair v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (citing In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992)).  District courts are required to consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant

8

documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] the relative means of the parties." D.H. Blair, 462 F.3d at 106-07 (quoting Albert Fadem Trust v. Duke Energy, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)).

Applying those factors here, Plaintiffs chose New York as its forum, a decision that is "given great weight." D.H. Blair, 462 F.3d at 107. However, that is the sole factor weighing in favor of venue in New York. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981) (deference to the plaintiff's selected forum may be overcome "if the private and public interest factors clearly point toward trial in an alterative forum.") And in that regard, Defendant Village Resorts is a small hotel located in Lincolnwood, Illinois, and which is now closed due to "financial problems." (07/18/08 Affidavit of Donald Bae ("Bae Aff.") ¶ 2.) The current dispute is between hotel management and former employees of the hotel. Hence, because Defendant, the claimants, and documents pertaining to the dispute are all located within the immediate vicinity of the Northern District of Illinois, New York is not a convenient forum for either Defendant or the aggrieved; rather, it is convenient only for the law firm representing Plaintiff. Moreover, Defendant never had offices in New York State, it never had a phone number or business relationship with New York State, and it is licensed to do business solely in Illinois. (Bae Aff. ¶ 3.) Simply put, all of the operative facts regarding this case transpired in or near the Northern District of Illinois.

Further weighing in favor of transfer to Illinois is the fact that Defendant never knowingly availed itself of the New York forum. In that regard, under ERISA, venue is

9

proper in any jurisdiction where the plan is administered.  Hence, had the plan been administered in New York when Defendant entered into the pension plan agreement, Defendant would be hard-pressed to now argue that New York is an inconvenient forum.  However here, the terms of the original contract establishing the pension plan dictated that it would be "organized in the City of Chicago."  (Def. Memo at 4.)  It was not until September 30, 2007, after Defendant went into default, that HEREIU Pension Fund merged with the UNITE National Retirement Fund (Plaintiff) and became "partially" administered in New York.  (Compl. ¶ 12.)  Thus, at the time the pension plan was created and even when Defendant failed to make the required payments, Defendant fully expected that any dispute regarding the pension plan agreement would be settled in Illinois.  (Bae Aff. ¶ 5.)  Defendant should not now be held accountable in a foreign jurisdiction simply because after the operative events that resulted in Defendant's default, the HEREIU Pension Fund determined that it would be to its benefit to merge with another fund located in Rhode Island and New York.

       Thus, for the aforementioned reasons, Defendant's motion to transfer venue to the Northern District of Illinois is granted.  However, this Court is cognizant of the fact that in this withdrawal liability case arising under ERISA, the amount owed by Defendant is largely fixed by statute, and the statute further provides for the court to award attorney's fees to the aggrieved parties.  Put simply, the prompt resolution of this case will serve to lessen the amount of money ultimately owed by Defendant.

### 3. Conclusion

Defendant's motion to transfer is GRANTED and Defendant's motion to dismiss is DENIED. The Clerk is directed to transfer this matter to the Northern District of Illinois.

IT IS SO ORDERED.

Dated: New York, New York
February 3, 2009

Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Opinion and Order sent to:

Schulte Roth & Zabel
Max Garfield
919 Third Avenue
New York, NY 10022
Tel:   212-756-2506
Fax:   212-593-5955
Counsel for Plaintiff

Ragues & Min
Raymond Ragues
11 Broadway
New York, NY 10004
Tel:   212-766-1100
Fax:   212-202-7848
Counsel for Defendant